
FILED
JUN 3 0 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MARVIN DEAL, )
)
      Plaintiff, )
)
v. )  Civil Action No. 14-1103
)
UNITED STATES, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint is presented on a preprinted form designed for the filing of a civil rights action under 42 U.S.C. § 1983 by a prisoner. The plaintiff attaches handwritten pages and exhibits to the preprinted form, and in these papers he mentions several other bases for this suit, including the Freedom of Information Act, *see* 5 U.S.C. § 552, the Privacy Act, *see* 5 U.S.C. § 552a, and the Americans with Disabilities Act, *see* 42 U.S.C. §§ 12101 *et seq*. It is not clear which claim or claims the plaintiff intends to bring against which of the 25 defendants he has named. No defendant presented with this plethora of legal claims in such an unwieldy pleading could readily prepare an adequate response to it.

As drafted, the complaint utterly fails to set forth a short and plain statement of plaintiff's claims, and the pleading therefore will be dismissed. *See, e.g., Vurimindi v. HSFLB Condominium Owners Ass'n,* No. 13-39, 2013 WL 3153756, at *3 (E.D. Pa. June 21, 2013) (dismissing *pro se* complaint that "is unwieldy at best and does not provide defendants or the Court with fair notice of the factual basis for [plaintiff's] claims"), *aff'd per curiam*, 549 F. App'x 90 (3d Cir. 2014); *Adams v. U.S. Dep't of State*, No. 13-1041, 2013 WL 4579929, at *1 (D.D.C. July 10, 2013), *appeal dismissed*, No. 13-5244, 2013 WL 4711111 (D.C. Cir. Aug. 22, 2013).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6/26/14

_____
United States District Judge
J. Boasberg